R, David Bolls, III (SBN # 187984)
dbolls@leighlawgroup.com
LEIGH LAW GROUP, P.C.
582 Market St. #905
San Francisco, CA 94104
Office: (415) 399-9155
Fax: (415) 795-3733

Attorneys for Defendant,
Pacific Green Energy, LLC

# IN THE UNITIED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| STEPHANIE BROWN, on behalf of herself and those similarly situated, | **Case No.**: 2:24-cv-01089-AC |
|---|---|
| Plaintiff, | PACIFIC GREEN ENERGY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT |
| vs. | |
| PACIFIC GREEN ENERGY, LLC, d/b/a APRICOT SOLAR | |
| Defendant. | **Trial Date**: Not yet set |

Defendant PACIFIC GREEN ENERGY, LLC'S hereby answers the allegations of Plaintiff STEPHANIE BROWN as follows:

## **PARTIES**

1. The allegations in Paragraphs 1, 3, 6, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 32, 71, 74, 76, 79, 100, 125, 126, 127, 128 set forth a number of legal conclusions to which no response is required. To the extent a response is deemed required, the

allegations in Paragraphs 1, 3, 6, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 32, 71, 74, 76, 79, 100, 125, 126, 127, 128 of the Complaint are denied.

2. The allegations in Paragraphs 2, 81, 116 set forth non-factual allegations to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 2, 8, 116 of the Complaint are denied.

3. Defendant denies the allegations set forth in Paragraphs 4, 5, 28, 29, 30, 56, 58, 62, 63, 67, 69, 70, 72, 73, 78, 82, 108, 109, 110, 111, 112, 113, 114, 115, 119, 121, 122, 123, 124 of the Complaint in their entirety.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies the allegations in Paragraphs 7, 12, 15, 31, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 59, 60, 61, 64, 65, 66, 68, 75, 77, 80, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 99, 101, 102, 103, 104, 106, 107, 118, 120 of the Complaint.

5. Defendant admits the allegations set forth in Paragraphs 8, 9, 10, 11, 13, 14, 33 of the Complaint in their entirety.

6. Defendant realleges its defenses to Paragraph 105 as set forth in Paragraphs 1 through 5 of Defendant's Answer, set forth above.

7. Defendant realleges its defenses to Paragraph 117 as set forth in Paragraphs 1 through 6 of Defendant's Answer, set forth above.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiff's claims for relief fail to state a claim upon which relief may be granted, including under the true facts and circumstances then and there existing.

/ / / /

/ / / /

## SECOND AFFIRMATIVE DEFENSE

**(Class Certification Should Be Denied)**

Class certification of this action should be denied for one or more of the following 5 reasons:

a. Joinder of all members of the putative classes is not impracticable;

b. There are insufficient questions of law and fact pertaining to the whole of the putative classes.

c. The claims of the named Plaintiff, if meritorious, are not typical of the putative classes;

d. The claims of the named Plaintiff will not adequately protect the interests of the putative classes.

e. A class action is not the appropriate or superior method for the fair and efficient adjudication of this controversy;

f. It is not impractical for individual plaintiffs to obtain redress;

g. Individual issues will predominate over class issues.

## THIRD AFFIRMATIVE DEFENSE

**(Failure to Exhaust)**

Plaintiff's claims are barred in whole or in part by their failure to exhaust available administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff's claims are barred in whole or in part by their failure to mitigate damages.

/ / / /

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims and the claims of the putative classes, if any, have not been brought within the appropriate statute of limitations and/or statute of ultimate repose.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent/Plaintiff In Pari Delicto)

Plaintiff's claims are barred in whole or in part because his own actions or omissions were the sole, proximate, and legal cause of any injuries or damage Plaintiff allegedly suffered. Plaintiff's alleged injuries, if any, were not caused by the actions of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Damage, Injury, or Ascertainable Loss)

Plaintiff's claims are barred in whole or in part because Plaintiff and the purported class claims against Defendant must be dismissed because neither Plaintiff nor the absent classes suffered any injury, damage, or ascertainable loss as a result of any purported actions by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches, Unclean Hands and Waiver)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to act promptly in bringing forth the instant action. Such delay has unfairly impaired Defendant's abilities to defend against this action because witnesses or evidence needed to defend against Plaintiff's claims may have become unavailable or lost. Plaintiff's claims are otherwise barred by the doctrines of unclean hands and waiver.

/ / / /

**NINTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Others)**

Plaintiff's claims are barred in whole or in part because any loss, damage, actual injury, or detriment Plaintiff alleges he and the putative classes suffered was proximately caused by the acts or omissions of persons other than Defendant and over whom Defendant had no control; however, in the unlikely event a trier of fact finds that Defendant is liable to Plaintiff for any loss, damage, actual injury, or detriment, Defendant is entitled to indemnity from those other persons in direct proportion to their respective fault.

**TENTH AFFIRMATIVE DEFENSE**

**(Third-Party Negligence)**

Defendant denies the damages claimed by Plaintiff and the putative classes, However, to the extent Plaintiff's alleged damages arise from this cause of action(s), they were solely or substantially caused by the fault of parties over whom Defendant had no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiff's images arising from this cause of action(s), if any, were solely or substantially caused by Plaintiff's negligence or fault.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Prior Express Consent)**

Defendant is claiming the prior express consent exception to the TCPA and is claiming that Defendant had prior express consent, permission or an invitation to place any phone calls at issue, including to Plaintiff and/or the putative class members.

/ / / /

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Action Lawful and Taken In Good Faith)

Defendant's actions were taken in good faith, in reliance upon information provided by its customers, agents and/or others, and with a reasonable belief that such actions were legal, appropriate, and necessary. The conduct alleged to be in violation of a statute, if any such conduct occurred, was purely unintentional, and occurred, if at all, despite Defendant's reasonable and appropriate efforts to avoid any such violation.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Award of Statutory Penalties Would Violate the Due Process Clause)

Defendant alleges that the award of statutory penalties against Defendant would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant reserves the right to allege additional affirmative defenses as discovery develops.

WHEREFORE Defendant prays for judgment against Plaintiff as follows:

1. Ordering Plaintiff and the putative class(es) take nothing by the Class Action Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. Awarding Defendant its costs, disbursements, and reasonable attorney fees; and

4. Providing other such relief as the Court deems just and equitable.

| | |
|---|---|
| Date: May 30, 2024 | **LEIGH LAW GROUP, P.C.**<br><br>*/s/ R. David Bolls III*<br>R. David Bolls III<br>Attorney for Defendant |